IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHNNY HARRISON,

Plaintiff,

v.                                                                  Civil Action No. 3:14-cv-686

U.S. BANK NATIONAL ASSOCIATION,
*as Trustee under Pooling and Servicing Agreement
dated as of November 1, 2005, Master Asset-Backed
Securities Trust 2005-FRE1 Mortgage Pass-Through
Certificates, Series 2005-FRE1,*

Defendant.

## OPINION

In 2011, Johnny Harrison defaulted on his home mortgage, so U.S. Bank foreclosed on his home. Harrison brings this suit for breach of contract, alleging that U.S. Bank unlawfully foreclosed on his home in violation of terms of the loan agreement, costing him ownership, equity, and increase in the value of his home, and damaging his credit record. U.S. Bank filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

### I. FACTS[1]

In 2005, Harrison purchased a property in Chesterfield County, Virginia, by entering into a mortgage loan evidenced by a note and secured by a deed of trust. U.S. Bank currently holds the note. Both the note and the deed of trust provide that if the borrower defaults, the lender may

---

[1] In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

accelerate the loan after giving notice of default and thirty days to cure.[2] The note defines the thirty-day notice period as starting when the notice is "mailed or . . . delivered by other means." The deed of trust states cure date must be "not less than 30 days from the date the notice is given to the Borrower."

After defaulting on the loan, Harrison received a letter from U.S. Bank dated April 2, 2011, stating that he must cure the default by May 2, 2011, or risk acceleration and foreclosure. Although dated April 2, 2011, the letter was mailed on April 7, 2011, giving Harrison only twenty-five days to cure the default. Harrison did not cure, and on July 13, 2011, his home was sold in a foreclosure sale. He filed this action on October 7, 2014.

## II. DISCUSSION

Harrison makes one claim: breach of contract. U.S. Bank argues Harrison fails to state a claim for three reasons. First, U.S. Bank did not breach because it did not foreclose on Harrison's home until more than thirty days after sending the notice letter. Second, Harrison alleges no injury resulting from the insufficient notice. Finally, the alleged breach was not material.[3]

---

[2] Both Harrison's complaint and U.S. Bank's motion to dismiss refer to paragraph 6(C) of the note, but the relevant language regarding notice of default appears in paragraph 7(C). (*See* Def.'s Brief, Exh. 2.) The language from the deed of trust appears in paragraph 22 of that document. (*See id.*, Exh. 1.)

[3] U.S. Bank also argues that the note's language is discretionary, but raised this argument for the first time in its reply brief. Federal courts need not consider an argument raised for the first time in a reply brief. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) (citing *United States v. Williams*, 445 F. 3d 724, 736 n.6 (4th Cir. 2006)). But even if U.S. Bank had properly raised this argument, it would have failed. Although the note says the holder *may* send written notice requiring the borrower to cure by a certain date, it also says that the date given by which the borrower needs to cure *must* be at least thirty days from when the notice was mailed. Accordingly, if the lender chooses to provide notice to the borrower, the notice *must* allow the borrower thirty days to cure. Additionally, Harrison alleges a breach of the note *and* the deed of trust, and the language in the deed of trust is clearly mandatory: "Lender *shall* give notice to Borrower. . . . [and] the notice *shall* specify . . . a date, *not less than 30 days from the date of notice given to Borrower.*" (Def.'s Brief, Exh. 1 at ¶ 22 (emphases added).)

2

A plaintiff claiming breach of contract under Virginia law must establish: (1) the defendant owed the plaintiff a legally enforceable obligation; (2) the defendant breached or violated that obligation; and (3) the breach injured the plaintiff. *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 516, 758 S.E.2d 55, 60 (2014) (citing *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)).

### 1. Legally Enforceable Obligation

Harrison pleads facts sufficient to conclude that U.S. Bank owed him a legally enforceable obligation. The note and deed of trust clearly set forth requirements with which U.S. Bank must comply. Both documents state that when a borrower is in arrears, the lender must send a notice of default giving the borrower thirty days to cure before acceleration and possible foreclosure. The note and deed of trust obligated U.S. Bank to provide Harrison with thirty days' notice before acceleration and foreclosure.

### 2. Breach

Harrison also pleads facts sufficient to conclude that U.S. Bank breached its obligation to him. Harrison alleges that he received only twenty-five days' notice, which is a breach of U.S. Bank's obligation to provide him with thirty days' notice.

U.S. Bank's argument that there was no breach because it did not foreclose on Harrison's home until more than three months after giving notice misses the point. The note and deed of trust clearly require that the notice letter give the borrower at least thirty days to cure, measured from the date notice is given. Any notice specifying a date that is less than thirty days from the date notice is given would constitute a breach of the note and deed of trust, regardless of when U.S. Bank foreclosed. Harrison claims that U.S. Bank only gave him twenty-five days' notice, sufficiently alleging that U.S. Bank breached its obligation.

Moreover, the Supreme Court of Virginia has clearly held that when a deed of trust requires a specific length of notice prior to acceleration, that length of notice serves as a condition precedent to acceleration and foreclosure. *Bayview Loan Servicing, LLC v. Simmons*, 275 Va. 114, 121, 654 S.E.2d 898, 901 (2008). When the holder of a deed of trust does not fulfill the condition precedent, the holder does not have the right to accelerate payment or to foreclose on the property. *Id.* Harrison has sufficiently pled that U.S. Bank breached the deed of trust by foreclosing on his home without having acquired the right to do so.

Additionally, U.S. Bank fails in its argument that Harrison must plead a material breach in order to sustain his claim. Virginia law allows a plaintiff to recover damages for an immaterial breach of contract. *See Ruffin v. Bank of N.Y. Mellon*, No. 4:13-cv-006, slip op. at 8 (E.D. Va. May 21, 2013) (citing *Jennings v. Jennings*, 12 Va. App. 1187, 1199, 409 S.E.2d 8, 16 (1991); *see also Thomas v. Bank of America*, No. 4:12-cv-143, slip op. at 7 (E.D. Va. Mar. 19, 2013) (explaining that immaterial breaches still provide grounds for certain relief in Virginia).

Moreover, even if Harrison were required to plead a material breach, the alleged breach in this case is material. A material breach is "a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Countryside Orthopaedics, P.C. v. Peyton*, 261 Va. 142, 154, 541 S.E.2d 279 (2001) (quoting *Horton v. Horton*, 254 Va. 111, 115, 487 S.E.2d 200, 204 (1997)). The essential purposes of a deed of trust are: (1) to secure the lender's interest in the property; and (2) to protect the borrower by imposing conditions precedent to acceleration and foreclosure. *Mathews v. PHH Mortg. Corp.*, 283 Va. 723, 732, 724 S.E.2d 196, 200 (2012). By accelerating Harrison's loan and foreclosing on his home without providing the contractually required notice, U.S. Bank failed to do something fundamental to the contract and committed a material breach.

### 3. Injury

Finally, Harrison pleads facts sufficient to conclude that U.S. Bank's breach injured him. Harrison states that U.S. Bank's unlawful foreclosure not only cost him his home and the associated equity, property value, and ownership rights, but also damaged his credit, resulting in economic loss. Harrison alleges that U.S. Bank caused these damages by foreclosing on his home without having acquired the right to do so. Harrison has sufficiently pled an injury that resulted from U.S. Bank's breach.

### III. CONCLUSION

Harrison has effectively pled each element of a breach of contract claim. Accordingly, the Court DENIES Defendant's motion to dismiss.

The Court shall enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: June 5, 2015
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge